UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| PAUL A. MITCHELL,<br><br>    Plaintiff – Appellant,<br><br>v.<br><br>KAREN MCGOVERN, in her individual capacity as Current Director of the Colorado Medical Board, et al.,<br><br>    Defendants – Appellees | No. 15-1188<br>(D.C. No. 1:15-cv-00559-CMA-CBS)<br>(D. Colo.) |

**MEMORANDUM FOR BASIS OF APPELLATE COURT'S JURISDICTION**

---

NOW COMES Plaintiff – Appellant Paul A. Mitchell to submit memorandum that the basis for this court of appeals' jurisdiction is (1) the collateral order doctrine exception of 28 U.S.C. § 1291, (2) the pragmatic finality doctrine, or (3) the pendant party doctrine.

I.   **COLLATERAL ORDER DOCTRINE SERVES AS BASIS FOR APPELLATE COURT'S JURISDICTION**

A.   **Standard of Review**

The Supreme Court held that, where specific conditions are met, the appellate court may review certain orders "that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Appeals that fall into this category are decisions that are conclusive,

that resolve important questions separate from the merits, and that are effective unreviewable on appeal from the final judgment in the underlying action. *Id.* The Supreme Court has articulated a three-prong test to determine whether an order that does not finally resolve litigations is appealable under § 1291. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978). First, the order must "conclusively determine the disputed question." *Id.* Second, the order must "resolve an important issue completely separate from the merits of the action." *Id.* Finally, the order must be "effectively unreviewable on appeal from final judgment." *Id.* Mitchell asserts the Tenth Circuit holds jurisdiction and review on the grounds that the district court's order is (1) final, (2) separate from the merits, and (3) unreviewable upon final judgment. Unless all three requirements are established, jurisdiction is not available under the collateral order doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276 (1988).

**B.     Argument**

Mitchell alleges that former Magistrate Judge Boyd N Boland has entered orders impersonating Judge Arguello with an intent to defraud Mitchell of justice in the district court of Colorado. Although the alleged fraudulent orders do not terminate the litigation, the orders are (1) final, (2) separate from the merits, (3) unreviewable, and (4) affect substantial rights and involve important issues.

**1.     Orders Are Final.**

An order is final for the purposes of the collateral order doctrine when it is made with the expectation that it will be the final word on the subject addressed. *U.S. v. Moussaoui,* 333 F.3d 509, 515 (4th Cir. 2003). The orders finally and conclusively referred case and all motions to magistrate judge, denied disqualification of the magistrate judge. The magistrate judge's orders

Alternatively, Boland will impersonate Judge Arguello to administratively close case as occurred in 1:07-cv-01479-BNB. Therefore, as a result of Boland's alleged hijacking of this case, history shows that orders will not see the light of appellate review.

## II.     PRAGMATIC FINALITY DOCTRINE BASIS FOR JURISDICTION

Mitchell asserts the "pragmatic finality" doctrine is also a basis for appellate jurisdiction of nonfinal orders. *See Bender v. Clark*, 744 F.2d 1424 (10th Cir. 1984). In contrast to the *Cohen* test, the "pragmatic finality" doctrine involves "ad hoc adjustments to the final decision requirements of § 1291." 15A Charles A. Wright et al., *Federal Practice and Procedure* §3913, at 464 (1992) ("Pragmatic finality" principles reflects "an understandable desire of appellate courts to bolster or replace district court with appellate justice.") The *Bender* court held that in certain unique instances, "justice may require immediate review" and the use of a 'balancing approach" to make a jurisdictional decision. *Bender* at 1427. The *Bender* Court relied heavily on the belief that refusal to take jurisdiction would have foreclosed future appellate scrutiny.

Absent an interlocutory appeal, there is sufficient reason to infer that this case will cause deprivation of Mitchell's Constitutional rights secured under the Fifth, Thirteenth, and Fourteenth Amendments. Moreover, the alleged status quo of alleged injustice and unfairness to Blacks by magistrate and former magistrate judges implicated in this case will be perpetuated, causing substantial injuries to similarly situated Black plaintiffs and defendants. Therefore, justice requires an immediate review, and refusal to take jurisdiction would foreclose on rights of Mitchell and similarly situated parties to equal protection of the law and proceedings.

## III.     PENDENT PARTY BASIS FOR JURISDICTION

Mitchell asserts "pendent party" jurisdiction mandates appellate jurisdiction of nonfinal orders. The Supreme Court has recognized that pendent party jurisdiction may apply where otherwise nonappealable decision is "inextricably intertwined" with appealable decision, or where review of the nonappealable decision is "necessary to ensure meaningful review of the appealable one." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995). The Tenth Circuit has applied "pendent party" appellate jurisdiction to nonappealable decisions. *See Snell v. Tunnel*, 920 F.2d 673, 676, (10th Cir. 1990); *See also Lankford v. City of Hobart*, 27 F.3d 477, 478 (__) ("The court has discretion to exercise appellate jurisdiction over a nonfinal order when it is sufficiently related to another appeal before the court."). This appellate court holds that

> *"a pendent appellate claim can be regarded as inextricably intertwined with a properly review claim on collateral appeal only if the pendent claim is coterminus with, or subsumed in, the claim before the court on interlocutory appeal—that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well.*

*Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995). In *Moore*, the Tenth Circuit concluded that the two appeals "are coterminous" because claims "are both premised on claim that Defendants violated his First Amendment rights" and "disposition of appeal fully disposes of claims" of the other appeal." *Id.*

Mitchell contends "pendent party" jurisdiction applies in this case because of the appellate court's jurisdiction over Case No. 15-1109. This appeal involves the denial of Plaintiff's § 1915 motion to proceed in forma pauperis, dismissal of complaint, and denial of right to file appeal in forma pauperis. The judge whose name was associated with order has denied that he wrote, signed, or issued order [Civil Action No. 1:15-cv-374, ECF # 16]. Boland previously issued an identical order with only names and facts changed in *Harper v. Lemon* [Civil Action No. 14-cv-01944-BNB]. Therefore, since Boland is alleged to have impersonated

judge in appeal no. 15-1109 and appeal no. 15-1188 involving nonfinal orders, the two appeals "are inextricably intertwined and, thus, pendent. Moreover, appellate resolution of the collateral appeal will dispose of claims of the other appeal. Finally, both appeals are premised on claim that Boland violated Plaintiff's rights to equal protection under the law and proceedings guaranteed under the Fifth Amendment.

## CONCLUSION

In sum, appellate jurisdiction of the nonfinal orders are warranted under the (1) collateral order doctrine, (2) the pragmatic finality doctrine, or (3) pendent party jurisdiction. Accordingly, Mitchell seeks permission to file opening brief in appeal no. 15-1188.

Respectfully submitted this June 8, 2015.

*[signature]*

Paul A. Mitchell
Plaintiff-Appellant